IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3114 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JUAN MANUEL GARZA-SILVA, | ) | |
| | ) | |
| Defendant. | ) | |


The defendant, Juan Manuel Garza-Silva, has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (filing 41).  Defendant pleaded guilty to illegal reentry by a deported alien and was sentenced in November 2006 to a term of 57 months' imprisonment, followed by 3 years of supervised release.

The matter is now before the court for initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it.[1] If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Initial review of Defendant's § 2255 motion was delayed because of a previously filed appeal. *See* Memorandum and Order entered on November 23, 2007 (filing 44).  The appeal is now concluded.  *See* Eighth Circuit's mandate issued on February 15, 2008 (filing 46).

Four grounds for relief are alleged in the § 2255 motion:

1.   Defendant claims that imposition of a term of supervised release was not authorized by statute and was imposed in violation of the Fifth Amendment's Due Process Clause and Double Jeopardy Clause, the Sixth Amendment, the Bill of Attainder Clause, and the Separation of Powers Clause.

2.   Defendant claims that he was denied effective assistance of counsel because his attorney did not object to the presentence investigation report, coerced Defendant into signing a plea agreement, and did not request downward departures.

3.   Defendant claims that he was denied effective assistance of counsel because his attorney did not properly advise Defendant regarding his right of allocution at sentencing.

4.   Defendant claims that he was denied effective assistance of counsel because his attorney advised that there was no use fighting the charge since Defendant was caught red-handed, and that there was nothing Defendant could do to receive a lesser sentence.

### *Supervised Release*

Defendant's claim that it was unlawful for the court to sentence him to a term of supervised release appears to be procedurally defaulted by Defendant's failure to appeal,[2] but the claim can also easily be disposed of on the merits.

---

[2] Even though Defendant waived the right to appeal in his plea agreement, he still had the right to appeal an illegal sentence.  *See United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003).

Defendant contends that under the applicable sentencing statute, 8 U.S.C. § 1326(b)(2), he could only be "fined ..., imprisoned not more than 20 years, or both" for illegal reentry after being deported for commission of an aggravated felony. 8 U.S.C. § 1326(b)(2). However, express statutory authority for the court to impose a term of supervised release as part of Defendant's sentence is contained in 18 U.S.C. § 3583(a), which provides:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

Defendant argues that imposition of a term of supervised release is only authorized under section 3583(a) "if such a term is required by statute." This is a blatant misreading of the statute, which clearly grants discretionary authority to the courts to include a term of supervised release in any sentence where a term of imprisonment is imposed for a felony or misdemeanor conviction. Defendant was convicted of a Class C felony.

Defendant also claims that a sentencing court's imposition of a term of supervised release is unconstitutional. Three arguments are advanced in this regard. First, Defendant contends that *Booker* has rendered the supervised release statute unconstitutional. The Eighth Circuit has held otherwise, however. *See United States v. Coleman*, 404 F.3d 1103, 1104 (8th Cir. 2005) (per curiam) (stating that "[a]mong the remaining provisions of the Sentencing Reform Act that the Court [in *Booker*] recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583."). Second, Defendant alleges that "[t]he restraints of liberties are imposed in violation of the prohibited Bill of Attainder/Separation of Powers Doctrine [and]

. . . 5th Amendment rights are violated by the imposition of punishment without Due Process i.e., Indictment, bail, jury trial." (Filing 41 at 5.)  There is no merit to the due process claim because supervised release was imposed simply as part of the penalty for the offense of which Defendant stands convicted.  *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000).  Similarly, there is no legitimate basis for claiming that the supervised release statute is a bill of attainder, which the Supreme Court has defined as " a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468-69 (1977).  Defendant's invocation of the separation of powers doctrine does not legitimize this claim.  As discussed above, Defendant's term of supervised release was expressly authorized by statute and was imposed at the court's discretion as part of his sentence.  Third, and finally, Defendant asserts a claim of double jeopardy.  The Double Jeopardy Clause protects against multiple punishments for the same offense and prevents imposition of greater punishment than authorized by Congress.  *United States v. Beltz*, 385 F.3d 1158, 1161 (8th Cir. 2004).  For the reasons previously stated, there is no merit to Defendant's double jeopardy claim.

### *Ineffective Assistance of Counsel*

To establish a claim of ineffective assistance of counsel, Defendant must demonstrate both deficient performance and prejudice.  *See United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).  That is, Defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Nguyen v. United States*, 114 F.3d 699,  703-04 (8th Cir. 1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984)).  The court need not address both components if an insufficient showing is made on one of the prongs. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

4

Defendant first alleges that his attorney, who is a very capable and experienced Assistant Federal Public Defender, was ineffective because:

> Counsel did not object to the pre-sentence report. I personally objected to him concerning the report not having complete accurate information. At the time my attorney presented me my plea-agreement he coerced me into signing it by threatening me with a higher sentence (96 months). I questioned him as to why, as a first termer, with good family ties, work-experience, couldn't he submit downward departures for a lesser sentence. I wanted him to object, put up a better fight. He went on to talk about his private work-experience and how people wouldn't pay their attorney bills.

(Filing 41, at 6-7.)

While it is true that no objection was made to the content of the presentence investigation report, Defendant has failed to identify any particular respects in which the report was incomplete or inaccurate. The report includes information that was provided by Defendant completing a personal information packet, although it was noted in the report that Defendant had not provided any employment history or financial information. Defendant describes himself as a "first termer", but his past convictions resulted in 12 criminal history points, and, because he illegally re-entered the United States less than 2 years after release from imprisonment, he had a total of 14 criminal history points (Criminal History Category VI).

Defendant's allegation that counsel did not request downward departures is incorrect. The recommended sentencing range for Defendant under the advisory guidelines was 77 to 96 months. Defendant received a 2-level downward departure by entering into a plea agreement, which reduced the sentencing range to between 63 and 78 months. In addition, Defendant's attorney filed a motion for a downward departure based upon an allegedly overstated criminal history. The motion was well-presented, and the downward departure was granted by the undersigned at the sentencing hearing. As a result, Defendant is serving only 57 months in prison.

5

Insofar as Defendant alleges that he was coerced by his attorney into signing a plea agreement, the record shows that Defendant represented to the court, both orally and in writing, that he voluntarily decided to plead guilty.  He also informed the court at the plea hearing that he was completely satisfied with his attorney's performance.  (Transcript (filing 17) at 9, 19-20; Petition to Enter a Plea of Guilty (filing 12) at 2, 11-13.) When a guilty plea is challenged under the second prong of the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." *Nguyen*, 114 F.3d at 704 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Id.*, at 703 (internal quotations and citation omitted).

It is apparent that Defendant's first claim of ineffective assistance of counsel is without merit and should be denied.  A § 2255 motion can be dismissed without an evidentiary hearing if (1) the defendant's allegations, accepted as true, would not entitle the defendant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *See Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000).

For his second claim of ineffective assistance of counsel, Defendant makes the following allegations:

> Attorney did not provide correct instruction on allocution.  Attorney did not explain to me that allocution is my 5th constitutional right.  On the contrary, he indicated that my speaking to the judge would be of no use, because the judge would give me the same type of sentence.  He made the comment that it was election year, and there was "no way" in me obtaining a lesser sentence.  My desires where [sic] to speak to the judge.  I wanted to inform him of my objections to the pre-sentence report, also of my family ties and contributions.  My family and I both wanted to send him letters (Exhibit D).

6

(Filing 41 at 8.)

The United States Court of Appeals for the Eighth Circuit has held that "the right of allocution is not a constitutional one." *United States v. Patterson*, 128 F.3d 1259, 1260 (8th Cir. 1997).  Rather, it is a procedural guarantee under Federal Rule of Criminal Procedure 32.  This is an important distinction because the Eighth Circuit has also held that "merely 'technical' violations of the Rules of Criminal Procedure are not open to collateral attack under Section 2255, at least in the absence of 'other aggravating circumstances[.]'"  *Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir. 1987) (quoting *United States v. Timmreck*, 441 U.S. 780, 784-85 (1979)). "The question in each case must be, not whether a violation of Rule 32 is alleged, but whether the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Defendant's claim that his attorney dissuaded him from submitting character references or other mitigating information to the court does not rise to the level of a cognizable claim under § 2255.  In any event, the two letters that are attached to Defendant's motion as Exhibit D (from a former employer and from Defendant's sister) do not contain any new information that might have made a difference in sentencing had it been brought to the court's attention.  Defendant also has not alleged any facts in his motion, nor set forth any facts in his affidavit (Exhibit E attached to the motion) to demonstrate that there were any errors or omissions in the presentence investigation report.[3]  In short, Defendant has not shown that he was

---

[3] Defendant only states in his affidavit:  "I rejected the Pre-sentence report in that it did not contain any of the personal, family achievements, and contributions I had written down on the forms they gave me to fill out."  (Filing 41 at 27 (Exhibit E,¶ 3).)  This statement is untrue, in that the presentence investigation report recites that personal and family data was compiled from the personal information packet that Defendant provided and from other sources.  (Filing 31 at 8, ¶ 42.)

7

prejudiced by his attorney's alleged failure to properly advise Defendant regarding the exercise of his right of allocution.

Third, and finally, Defendant alleges that he was denied effective assistance of counsel because:

> From the beginning of his representation [my attorney] always stated to me that, "It is of no use attempting to fight this case. You were caught red handed. Leading me to believe that there was nothing I could contribute to a lesser term of imprisonment. For example, family letters stating my contributions to society, or anything that I have known as downward departure.

(Filing 41 at 9.) This claim is merely a reiteration of Defendant's two previous claims of ineffective assistance of counsel, and, as such, it requires no further discussion.

For the reasons stated,

IT IS ORDERED that Defendant's § 2255 motion (filing 41) is denied in all respects, and a final judgment of dismissal shall be entered by separate document.

February 21, 2008.                          BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge

8